KELLAM v. McALPINE ET AL.

1. **Evidence**: SECONDARY BY DEPOSITION: DEPOSITION SUPPRESSED. Where the witness in a deposition testified to the contents and substance of the records of a court, without proof of the loss or destruction of the records, the deposition was properly suppressed.

2. **Practice in Supreme Court**: STRIKING ARGUMENTS FROM FILES. This court, desiring all the light that can be shed upon a case before it, will not usually strike an argument from the files because filed too late, but will rather grant the adverse party time to reply thereto, if desired.

*Appeal from Wright District Court.*

THURSDAY, APRIL 10.

ACTION IN CHANCERY. There was a decree in the district court granting to plaintiff the relief prayed for in his petition. Defendants appeal. The allegations of the pleadings and the facts of the case sufficiently appear in the opinion.

*Harriman & Luke* and *J. H. Scales*, for appellants.

*H. H. Bush* and *Brockway & Elder*, for appellee.

BECK, J.—I. The petition alleges that the firm of Benjamin & Kellam recovered a judgment against defendant, McAlpine, which was a lien upon certain real estate described in the petition; that, prior to the rendition of the judgment, Benjamin withdrew from the firm, and transferred to Kellam, the other partner, (who now brings this suit,) by oral assign-

ment, all his interest in the claim against McAlpine; that subsequently one Sloan, and a co-partnership of the style of Bennet & Sloan, of which Sloan was a partner, executed an assignment of the judgment to defendant, Langstaff, which was filed in the office of the clerk of the court wherein the judgment was rendered; that the lands described in the petition were sold upon the judgment to Langstaff, who assigned the certificate of sale to defendant, McGuire, to whom a sheriff's deed was finally executed; that through this sale the judgment was satisfied, and that neither Sloan nor Bennett & Sloan had any right, title or interest in the judgment, nor any authority to assign the judgment. Other allegations of the petition need not be recited. Plaintiff prays for such relief as the facts of the case will authorize.

Defendants in their answer deny that plaintiff was the owner of the judgment, or of the claim upon which it was based, and aver that, upon the retirement of Benjamin from the firm, Sloan purchased his interest therein and became a partner of Kellam, under the firm name of Kellam & Co., and the co-partnership thus formed became the owner of the claim against McAlpine. Subsequently Kellam retired, and his place was taken by Bennett, and the name of the firm became Bennett & Sloan, and succeeded to all the rights and property of Kellam & Co., and were authorized to collect and settle all claims held by it. Other allegations of the answer need not be recited.

II. It will be observed that the point of controversy involves the ownership of the claim against McAlpine at the time it was assigned, and this depends upon the fact whether the firm succeeding Benjamin & Kellam acquired the claim. If they did, it cannot be doubted that plaintiff is entitled to no relief. The preponderance of the evidence is clearly with defendants. Plaintiff testifies that he acquired the claim upon the retirement of Benjamin, while Sloan swears that it remained as a part of the assets of the firm, and was transferred to the successor, and was acquired in the same way by

Kellam v. McAlpine et al.

the firm of Bennett & Sloan. According to his testimony, the assignment of the judgment to Langstaff was fully authorized, and therefore valid. The testimony of Sloan is corroborated to a considerable extent by other evidence, while plaintiff's statement wholly lacks corroboration. As the burden of proof rests upon plaintiff, even in the absence of testimony supporting Sloan's evidence, the petition should be dismissed.

III. The defendants complain of the rulings of the district court in suppressing the deposition of a witness taken in their behalf. The ruling was right, for the reason that the witness testifies to the contents and substance of the records of a bankrupt court, thus presenting secondary evidence, without proof of the loss or destruction of the records.

IV. Counsel for plaintiff do not favor us with an argument, but they present a motion in this court to strike from the files an argument of defendants, on the ground that it was not filed in time. We hesitate to strike arguments for any reason, as we desire to have all the light that can be shed upon a case, and usually, instead of doing so, give an opportunity to reply to them, when they have not been filed in time. In no case would we strike an argument, unless it should appear that prejudice might result to the other party therefrom. But we cannot hold that prejudice would result from the discussion of a case in an argument filed too late, if the other party expresses no desire or purpose to reply to it. In this case no such desire or purpose is expressed. Indeed, it seems that plaintiff is willing to submit his cause without argument.

No other questions arise in the case. The decree of the district court must be

REVERSED.